IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH EDWARD MARTY,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>TAYLOR BEAN & WHITAKER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ROUNDPOINT MORTGAGE SERVICE, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS, DENYING DEFENDANTS' MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION TO AMEND OR WITHDRAW COMPLAINT<br><br><br><br>Case No. 2:12-CV-441 TS |

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, Defendants' Motion to Expunge Lis Pendens, Defendants' Motion for Sanctions, and Plaintiff's Motion to Amend or Withdraw Complaint.[1]

---

[1]Docket Nos. 4, 12, 15.

I.  BACKGROUND

This case arises out of two loans that Plaintiff obtained from Defendant Taylor, Bean & Whitaker Mortgage Corp. ("TBW") in April 2007.  In conjunction with these loans, Plaintiff signed two notes and two deeds of trust against Plaintiff's property in Salt Lake City.[2]  On August 24, 2009, Defendant TBW filed for Chapter 11 Bankruptcy.[3]  On July 21, 2011, the United States Bankruptcy Court for the Middle District of Florida issued an order confirming TBW's liquidation plan[4] with an effective date of August 10, 2011.[5]  As part of the liquidation plan, the court ordered the following injunction:

> [A]ll Persons who have held, currently hold, or may hold claims against or interest in Debtors or the Estates that arose prior to the Effective Date (including all Government Authorities) are permanently enjoined from, on account of such Claims or Interests, taking any of the following actions, either directly or indirectly, against or with respect to any Debtor, any Estate, any Chapter 11 Protected Party, any Plan Trust Exculpated Party, the Plan Trust, any Plan Trust Entity or any of their respective properties: (i) commencing or continuing in any manner any action or other proceeding of any kind . . . .[6]

---

[2]Docket No. 1, at 2-4.

[3]Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors at 2, *In re Taylor Bean & Whitaker Mortg. Co.*, No. 3:09-bk-07047-JAF (Bankr. M.D. Fla. July 21, 2011), ECF No. 3420.

[4]*Id.* at 1.

[5]Notice of Entry of Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors; Effective date of Plan; Bar Dates for Administrative Claims and Other Claims; and Other Matters at 1, *In re Taylor Bean & Whitaker Mortg. Co.*, No. 3:09-bk-07047-JAF (Aug. 11, 2011), ECF No. 3572.

[6]Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors at 31, *In re Taylor Bean & Whitaker Mortg. Co.*, Case No. 3:09-bk-07047-JAF, ECF No. 3420.

On September 7, 2011, after the effective date of Defendant TBW's liquidation plan, TBW completed a non-judicial foreclosure on the property in dispute in this case.[7] Plaintiff then filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of California (the "California Court") on October 7, 2011.[8] Soon thereafter, on November 4, 2011, Plaintiff opened a related adversary proceeding (the "California Action") against Defendants, filing a complaint nearly identical to the complaint at issue here.[9] The California Court held a hearing on Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and ordered that all claims in Plaintiff's complaint were dismissed without leave to amend.[10] In denying leave to amend, the court found:

> Considering the fact that [Plaintiff]'s claims against TBW are barred by the injunction in the Confirming Order and that [Plaintiff] has failed to allege any facts which indicate that any of the other named defendants committed any wrongdoing, the court finds that granting the [Plaintiff] leave to amend would be futile in this instance. Based on the facts alleged by the [Plaintiff], there is only any potential wrongdoing if one accepts the [Plaintiff]'s flawed legal theories as valid, which this court does not. Stated otherwise, the complaint is devoid of factual matter that would even suggest, let alone establish, plausible grounds for the various forms of relief sought.[11]

---

[7]Docket No. 1, at 10; Docket No. 6, at 5.

[8]*Marty v. Taylor Bean & Whitaker*, Case No. 11-44177-B-13 (Bankr. E.D. Cal. Sept. 7, 2012).

[9]Adversarial Complaint, *Marty v. Taylor Bean & Whitaker*, Case No. 11-44177-B-13, Adv No. 11-02707-B (Bankr. E.D. Cal. Nov. 4, 2011), ECF No. 1.

[10]Civil Minute Order, *Marty v. Taylor Bean & Whitaker*, Case No. 11-44177-B-13, Adv No. 11-02707-B (Mar. 23, 2012), ECF No. 85.

[11]Disposition After Oral Argument at 6, *Marty v. Taylor Bean & Whitaker*, Case No. 11-44177-B-13, Adv No. 11-02707-B (Mar. 20, 2012), ECF No. 82.

Following the dismissal of his claims, Plaintiff filed a Notice of Appeal with the Ninth Circuit Bankruptcy Appellate Panel.[12] However, on May 5, 2012, Plaintiff withdrew his appeal.[13] Instead, on May 4, Plaintiff filed his Complaint with this Court.[14] On May 7, Plaintiff filed a Notice of Lis Pendens on the property in question.[15] A thorough reading of Plaintiff's Complaint reveals that it is nearly word-for-word identical to the complaint that was dismissed by the California Court. Plaintiff made a few superficial changes, added a few paragraphs of additional details to the factual allegations of the complaint in the California Action, and added one additional cause of action.[16]

In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss for Failure to State a Claim and Motion to Expunge Lis Pendens on May 30, 2012.[17] When Plaintiff did not respond, Defendants filed a Motion for Sanctions on July 11, 2012.[18] In response, on July 13, 2012, Plaintiff filed a Motion for Leave to Amend or Withdraw Complaint.[19]

---

[12] Notice of Appeal, *Marty v. Taylor Bean & Whitaker*, Case No. 11-44177-B-13, Adv No. 11-02707-B (Apr. 4, 2012), ECF No. 96.

[13] Docket No. 6, at 5.

[14] Docket No. 1.

[15] Docket No. 5, Ex. L, at 4-5.

[16] Docket No. 1.

[17] Docket No. 4.

[18] Docket No. 12.

[19] Docket No. 15.

## II. DISCUSSION

A.  RES JUDICATA

Res judicata, otherwise known as claim preclusion, prohibits a party from re-litigating issues that were raised in a prior action where there was a final judgment on the merits.[20] Since the Court is determining the effect of an order of a federal court, federal law of claim preclusion applies.[21] The Tenth Circuit, in *Mitchell v. City of Moore, Oklahoma*, held that, "[i]n our Circuit '[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'"[22] "Put another way, the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action."[23]

Neither party disputes that the prior suit involved the same parties. In addition, it is clear that the California Court entered an order which was a judgment on the merits in the prior suit.[24]

---

[20] *Fransden v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

[21] *See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992) (citing, inter alia, Restatement (Second) of Judgments § 87, at 314 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.")).

[22] 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)).

[23] *Id.* (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992), *cert. denied,* 506 U.S. 832 (1992)).

[24] *Bartlett v. Wells*, 2009 WL 1146990, at * 4 (D. Utah Apr. 28, 2009) ("Dismissal of a case for failure to state a claim upon which relief can be granted constitutes a judgment on the merits.").

The element remaining to be determined is whether the prior suit involved the same cause of action for purposes of res judicata.

The Tenth Circuit has "adopted the transactional approach of the Restatement (Second) of Judgments to determine what constitutes a 'cause of action' for res judicata purposes."[25]

> The transactional approach provides that a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a transaction or a series is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.[26]

Plaintiff alleges seven causes of action in his Complaint.[27] However, six of those causes of action have been copied verbatim from Plaintiff's complaint in the California Action. The remaining cause of action, Plaintiff's first cause of action, is that Defendants foreclosed on Plaintiff's property without standing to do so. Although couched under a new legal theory, this allegation is not a new claim. Indeed, this allegation is the basis for Plaintiff's third[28] and fourth[29] causes of action. It is supported by identical facts and could not be construed as arising out of a different transaction. "'Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by

---

[25] *King v. Union Oil Co., of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988)).

[26] *Id.* (citing *Lowell Stats Mining Co., Inc., v. Phila. Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)).

[27] Docket No. 1, at 25-47.

[28] *Id.* at 33-37.

[29] *Id.* at 38-39.

6

simply alleging new legal theories.'"[30]  Because the new cause of action alleged by Plaintiff is made up entirely of allegations considered by the California Court, is supported by identical facts to those considered by the California Court, and is merely a new legal theory describing an issue already litigated, this Court finds that all causes of action raised by Plaintiff's Complaint are barred under the doctrine of claim preclusion.  Therefore, Defendants' Motion to Dismiss for Failure to State a Claim will be granted.

B.     MOTION TO AMEND OR WITHDRAW COMPLAINT

Plaintiff requests leave of the Court to amend his Complaint to add an additional twenty-four causes of action.  Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Under this rule "[t]he court should freely give leave when justice so requires."[31]

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment."[32]  "A party seeking to avoid dismissal on the basis of futility must meet the pleading requirements of the particular cause of action."[33]  Additionally, it is appropriate for the Court to deny the motion if "it appears that the plaintiff is using Rule 15 to make the complaint a

---

[30]*Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)).

[31]Fed. R. Civ. P. 15(a)(2).

[32]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[33]*Quest Software, Inc. v. Centrify Corp.*, 2011 WL 5508820 (D. Utah Nov. 9, 2011).

moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal . . . ."[34]

Defendants argue that allowing Plaintiff to amend would be futile. Plaintiff does not allege any additional facts in support of his proposed amendments. Of the twenty-four additional causes of action Plaintiff proposes, fifteen[35] are mere citations to state or federal criminal code sections that Plaintiff does not have standing to prosecute. Seven of the remaining claims are restatements of the claims dismissed by the California Court and are subject to claim preclusion as provided above.[36] The final two claims Plaintiff proposes do not apply to the facts Plaintiff alleges. Claim 3(i) consists of a citation to the Fair Debt Collection Practices Act ("FDCPA").[37] However, this Court has held that non-judicial foreclosures are "not subject to the FDCPA"[38] because "[a] non-judicial foreclosure is not the collection of a debt under the FDCPA."[39] Finally, claim 3(j) is a citation to 42 U.S.C. § 1985. This claim too must fail because "in the

---

[34] *Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

[35] Docket No. 15, ¶¶ 3(a), (b), (f), (g), (h), (k), (l), ($n_1$), ($m_2$), ($n_2$), (o), (p), (q), (r), (s).

[36] *Id.* ¶¶ 3(c), (d), (e), ($m_1$), (t), (u), (v).

[37] Docket No. 15, at 3.

[38] *Utah Cnty. Recorder v. Lexington Mortg., Inc.*, No. 2:11-CV-528, 2012 WL 1188460, at *4 (D. Utah Apr. 9, 2012).

[39] *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009); *see Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1142 (D. Utah 2008), *aff'd*, 401 F. App'x 389 (10th Cir. 2010).

absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."[40]

"Plaintiff is proceeding pro se and, as a result, the [C]ourt construes his pleadings liberally and holds his pleadings to less stringent standards than formal pleadings drafted by lawyers."[41] However, as a pro se litigant, Plaintiff must still "follow the same rules of procedure that govern other litigants."[42] Additionally, a broad reading of a pro se litigant's complaint does not relieve him of alleging sufficient facts upon which a recognized legal claim can be based.[43]

Even under a liberal construction, Plaintiff's Motion for Leave to Amend Complaint does not establish plausible grounds for the relief sought. In such a situation, allowing Plaintiff to amend would be futile. Likewise, granting Plaintiff's Motion to Withdraw Complaint so that he "can file a new complaint with the above listed causes of action"[44] would be equally futile. Therefore, Plaintiff's Motion for Leave to Amend or Withdraw Complaint will be denied.

---

[40] *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (quoting *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (per curiam)).

[41] *Bryner v. Bryner*, 2009 WL 2920376, at *3 (D. Utah Sept. 11, 2009) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[42] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[43] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (internal quotation marks and citation omitted).

[44] Docket No. 15, at 7.

C.	MOTION FOR SANCTIONS

Defendants' Motion for Sanctions is based on the claim that Plaintiff's Complaint was a frivolous filing made for the purpose of delaying Defendants from obtaining marketable title to the property in question.[45] Pursuant to Federal Rule of Civil Procedure 11(b), an attorney or unrepresented party who presents a pleading, written motion, or other paper to the court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[46]

Thus, "Rule 11 mandates sanctions against attorneys and/or their clients when pleadings, motions, or other signed papers in the district court are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper

---

[45] Docket No. 12.

[46] Fed. R. Civ. P. 11(b).

purpose."[47]  "Parties who file law suits on a pro se basis are not absolved from the requirements of Rule 11 and are treated the same for purposes of this rule as if they were attorneys."[48]

Federal Rule of Civil Procedure 11(c)(2) provides the following procedural requirements that must be met for the Court to impose sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion . . . .[49]

In this case, the procedural requirements of Rule 11(c)(2) have been met. Defendants served their Rule 11 sanction motion on Plaintiff separately from any other motion.[50]  Plaintiff did not remove or amend his Complaint within 21 days after service of Defendants' Motion.

The claims in Plaintiff's Complaint are barred by res judicata because they were tried before the California Court or were based on the same series of transactions.  Despite the fact that Plaintiff was unsuccessful,  Plaintiff's attempt to raise a new legal theory and relitigate the case was not entirely frivolous or brought for an improper purpose.  Therefore, Defendants' Motion for Sanctions will be denied.

---

[47]*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.*, 891 F.2d 1473, 1484 (10th Cir. 1989).

[48]*Poll v. Paulson*, No. 1:06-CV-144, 2008 WL 118076, at *4 (D. Utah Jan. 8, 2008).

[49]Fed. R. Civ. P. 11(c)(2).

[50]Docket No. 14.

III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 4) is GRANTED.  Plaintiff's Complaint (Docket No. 1) is DISMISSED WITH PREJUDICE  and the lis pendens recorded by Plaintiff in connection with this action is RELEASED.  It is further

ORDERED that Plaintiff's Motion to Amend or Withdraw Complaint (Docket No. 15) is DENIED.  It is further

ORDERED that Defendant's Motion for Sanctions (Docket No. 12) is DENIED.

The Clerk of Court is directed to close this case forthwith.

DATED   September 25, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge